Israel Klein, Esq.
Todd B. Sherman, Esq.
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 11th Floor
New York, New York 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
DANIEL RETTER, as trustee on behalf of the LAW
OFFICES OF DANIEL RETTER PA PSP,

                        Plaintiff,

                v.

PETROLEOS DE VENEZUELA, S.A. and PDVSA
PETROLEO, S.A.,

                       Defendants.
------------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

      Plaintiff Daniel Retter ("Mr. Retter" or "Plaintiff"), as trustee on behalf of the Law Offices of Daniel Retter PA PSP ("Plan"), by and through his attorneys, Pardalis & Nohavicka, LLP, brings this action against Defendants Petroleos de Venezuela, S.A. ("Company"), and PDVSA Petroleo, S.A. ("Guarantor"), seeking damages and other appropriate relief resulting from Defendants' breach of contract, anticipatory breach of contract, breach of guaranty and anticipatory breach of guarantee. Plaintiff alleges as follows:

**NATURE OF THE ACTION**

      1.     Plaintiff brings this action against Defendants seeking damages sustained as a direct and proximate result of Defendants' breach of contract, anticipatory breach of contract, breach of guaranty and anticipatory breach of guarantee in connection with Defendants' failure to pay the Plan outstanding principal and accrued interest currently due and owing on bonds

issued by Company, guaranteed by Guarantor, and held by the Plan.

2.	The Plan holds bonds issued by Company pursuant to a prospectus contract ("Contract"). *See* Exhibit 1.

3.	Pursuant to the terms of the Contract, Company was required to pay the Plan interest on the bonds semiannually at a fixed rate, as well as outstanding principal due on the bonds in three (3) equal installments. *See id.* at p. 1.

4.	Pursuant to the Contract, Guarantor guaranteed Company's payment obligations to the Plan with respect to the bonds ("Guarantee"). *See id.*

5.	In material breach of the Contract and Guarantee, Defendants failed to make any principal, interest and/or other payments on the bonds to the Plan.

6.	As a direct and proximate result of Defendants' actions, the Plan was caused to incur and continues to incur damages.

## JURISDICTION AND VENUE

7.	The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) because Defendants are a foreign state, as defined pursuant to 28 U.S.C. §§ 1603(a)-(b), that is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement. Pursuant to 28 U.S.C. § 1605(a)(1), Defendants are not entitled to immunity because they have explicitly waived their immunity in this action pursuant to the Contract. *See* Exhibit 1 at p. 119. Pursuant to 28 U.S.C. § 1605(a)(2), Defendants are not entitled to immunity because this action concerns commercial activity carried on and performed by Defendants in the United States.

8.	The Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1330(b) because the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330(a) and Plaintiff shall effect service of process pursuant to 28 U.S.C. § 1608(a)(1).

9. The Court also has personal jurisdiction over Defendants because Defendants regularly conduct business throughout the United States and the State of New York, and have consented and submitted to the Court's jurisdiction over them in this action pursuant to the Contract. *See* Exhibit 1 at p. 119.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(1) because Defendants are a foreign state, as defined pursuant to 28 U.S.C. §§ 1603(a)-(b), and a substantial amount of the events or omissions giving rise to this action occurred in this District.

11. Venue is also proper in this District because Defendants regularly conduct business throughout the United States and this District, and have consented to the venue of this action in this District pursuant to the Contract. *See* Exhibit 1 at p. 119.

## PARTIES

12. Plaintiff is a citizen of the State of Florida and a resident of Miami-Dade County. At all relevant times, Plaintiff was and is the trustee of the Plan.

13. Defendant Company is an oil and natural gas corporation owned by the Bolivarian Republic of Venezuela, and, thus, is a foreign state as defined pursuant to 28 U.S.C. §§ 1603(a)-(b).

14. Defendant Guarantor is a corporation wholly owned by Company, which is owned by the Bolivarian Republic of Venezuela, and, thus, is a foreign state as defined pursuant to 28 U.S.C. §§ 1603(a)-(b).

## STATEMENT OF FACTS

15. On or about February 23, 2018, Plaintiff purchased Company issued bonds, Security No.: P7807HAR6 ("Bonds").

16. At all times, Citibank, N.A., was and is Company's principal paying agent ("Paying Agent") with respect to the Bonds *See* Exhibit 1.

17. The Bonds are currently lawfully held by the Plan.

18. The Bonds have a total value of $200,000.

19. The Bonds have a coupon rate of 6.00 % per annum. *See id.*

20. The Bonds mature on November 15, 2026. *See id.*

21. The Bonds were issued pursuant to and are governed by the Contract.

22. Pursuant to the Contract, Company was required to pay the Plan interest semiannually on November 15 and May 15 of each year, from the issue date of November 15, 2013, at the rate of 6.00 % per annum. *See id.*

23. Pursuant to the Contract, Company was required to pay the Plan outstanding principal due on the Bonds in three (3) equal installments on November 15, 2024, November 15, 2025, and November 15, 2026. *See id.*

24. Pursuant to the Guarantee, Guarantor guaranteed Company's payment obligations to the Plan with respect to the Bonds. *See id.*

25. In material breach of the Contract and Guarantee, Defendants and the Paying Agent have at all times failed to make any payments on the Bonds to Plaintiff or the Plan, principal, interest or otherwise.

26. As a direct and proximate result of Defendants' actions, the Plan was caused to suffer and continues to suffer damages.

## CAUSE OF ACTION I
## BREACH OF CONTRACT

27. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

28. Plaintiff purchased the Bonds for good and valuable consideration.

29. The Bonds were issued by Company pursuant to the Contract.

30. The Bonds are currently lawfully held by the Plan.

31. There exists a valid, binding and enforceable Contract between the Plan, as the holder of the Bonds, and Company, as the issuer of the Bonds.

32. At all times, Plaintiff and the Plan fully performed all of their obligations pursuant to the Contract.

33. Pursuant to the Contract, Company and/or the Paying Agent was required to pay the Plan interest semiannually on November 15 and May 15 of each year, from the issue date of November 15, 2013, at the rate of 6.00 % per annum.

34. Pursuant to the Contract, Company and/or the Paying Agent was required to pay the Plan outstanding principal due on the Bonds in three (3) equal installments on November 15, 2024, November 15, 2025, and November 15, 2026. *See id.*

35. In material breach of the Contract, Company and the Paying Agent have failed to make any principal, interest and/or other payments on the Bonds to Plaintiff or the Plan.

36. As a direct and proximate result of Company's actions, the Plan was caused to incur and continues to incur damages.

37. As a result of Company's and its agents' wrongful conduct, the Plan is entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

**CAUSE OF ACTION II**
**ANTICIPATORY BREACH OF CONTRACT**

38. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

39. In addition to Company's failure to make any principal, interest and/or other payments on the Bonds to Plaintiff or the Plan, Company has failed to make principal, interest and/or other payments on its bonds issued to numerous other bond holders, as is evidenced by other actions filed with this Court.

40. Company's actions express an unequivocal intention to materially breach its remaining obligations required pursuant to the Contract, including but not limited to paying Plaintiff or the Plan the outstanding interest due on the Bonds on November 15, 2025, May 15, 2025, and November 15, 2026.

41. Company's actions express an unequivocal intention to materially breach its remaining obligations required pursuant to the Contract, including but not limited to paying Plaintiff or the Plan the outstanding principal due on the Bonds on November 15, 2025, and November 15, 2026.

42. Accordingly, Company has committed an anticipatory breach of the entirety of the Contract.

43. As a direct and proximate result of Company's actions, the Plan was caused to incur and continues to incur anticipatory damages.

44. As a result of Company's and its agents' wrongful conduct, the Plan is entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## CAUSE OF ACTION III
## BREACH OF GUARANTEE

45. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

46. Pursuant to the Guarantee, Guarantor guaranteed Company's payment obligations to the Plan with respect to the Bonds.

47. Pursuant to the Contract, Company and/or the Paying Agent was required to pay the Plan interest semiannually on November 15 and May 15 of each year, from the issue date of November 15, 2013, at the rate of 6.00 % per annum.

48. Pursuant to the Contract, Company and/or the Paying Agent was required to pay

the Plan outstanding principal due on the Bonds in three (3) equal installments on November 15, 2024, November 15, 2025, and November 15, 2026. *See id.*

49. In material breach of the Contract, Company and the Paying Agent have failed to make any principal, interest and/or other payments on the Bonds to Plaintiff or the Plan.

50. In material breach of the Guarantee, Guarantor has failed to make any principal, interest and/or other payments on the Bonds to Plaintiff or the Plan.

51. As a direct and proximate result of Guarantor's actions, the Plan was caused to incur and continues to incur damages.

52. As a result of Guarantor's and its agents' wrongful conduct, the Plan is entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## CAUSE OF ACTION IV
## ANTICIPATORY BREACH OF GUARANTEE

53. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

54. In addition to Guarantor's failure to comply by the terms of the Guarantee and remedy any portion of Company's failure to make principal, interest and/or other payments on the Bonds to Plaintiff or the Plan, Guarantor has failed to comply with the terms of the Guarantee and remedy any portion of Company's failure to make principal, interest and/or other payments on its bonds issued to numerous other bond holders.

55. Guarantor's actions express an unequivocal intention to materially breach its remaining obligations required pursuant to the Guarantee, including but not limited to paying Plaintiff or the Plan the outstanding interest due on the Bonds on November 15, 2025, May 15, 2025, and November 15, 2026.

56. Guarantor's actions express an unequivocal intention to materially breach its

remaining obligations required pursuant to the Guarantee, including but not limited to paying Plaintiff or the Plan the outstanding principal due on the Bonds on November 15, 2025, and November 15, 2026.

57. Accordingly, Guarantor has committed an anticipatory breach of the entirety of the Guarantee.

58. As a direct and proximate result of Guarantor's actions, the Plan was caused to incur and continues to incur anticipatory damages.

59. As a result of Guarantor's and its agents' wrongful conduct, the Plan is entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests relief against Defendants as set forth below:

a. An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

b. An injunction against Defendants prohibiting Defendants from engaging in such continued wrongful practices, policies and patterns as set forth herein;

c. Pre-judgment and post-judgment interest as provided by law;

d. Reasonable attorneys' fees, costs and disbursements; and

e. Such other and further relief in Plaintiff's favor as the Court deems just and proper.

Dated: November 14, 2025

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

_____
Israel Klein, Esq.
Todd B. Sherman, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiff*